**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LONNIE HUTCHERSON, #B43963** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17−cv−0253−JPG** |
| | ) | |
| **DR. TALBOT,** | ) | |
| **DR. SHAH,** | ) | |
| **DR. BUTALID, and** | ) | |
| **DR. LOCHARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Lonnie Hutcherson, an inmate in Lincoln Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment.  (Doc. 1).  This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id.* at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations:  on July 7, 2016, Plaintiff was diagnosed with an "umbilical hernia."  (Doc. 1, p. 4).  Prior to that, while incarcerated at Danville Correctional Center, Plaintiff complained of a burning sensation in his stomach only to receive various medications from the doctors there.  *Id.*  Even with the medications, Plaintiff "continued to have excruciating pain."  *Id.*  Plaintiff was given a blood and urine test, and the doctors insisted there was nothing wrong with him when the tests allegedly came back clear.  *Id.*  Plaintiff was transferred from Danville to Robinson Correctional Center on August 7, 2013.  *Id.*  Plaintiff was still suffering from stomach pain at that time, so the doctors at Robinson gave him an x-ray and ultrasound that Plaintiff was told came back "negative."  *Id.*  Dr. Shah and Dr. Butler then told Plaintiff to simply "drink more water."  *Id.*

Plaintiff's excruciating pain continued.  (Doc. 1, p. 5).  Despite this, Dr. Lochard told Plaintiff that he was not going to do anything about it.  *Id.*  Meanwhile, Plaintiff's wife contacted

Lisa Prather, the Medical Director in Springfield, about Plaintiff's issues.  *Id.*  Prather ordered the medical staff at Robinson to send Plaintiff to Crawford Medical to get a CT scan, the results of which showed Plaintiff's hernia.  *Id.*  To this date, Plaintiff remains in pain.  *Id.*  Plaintiff's grievance on the issue was denied as untimely.  *Id.*  Plaintiff fears that nothing will be done and that he will die before his MSR (presumably his release date).  *Id.*

In his statement of claim, Plaintiff appears to be requesting injunctive relief in his comment that he "trust[s] the courts will make this administration [Healthcare] send me out for surgery before it is too late!!"  *Id.*  Plaintiff also seeks monetary damages from the defendants. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action.  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving an umbilical hernia and pain associated therewith in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Statute of Limitations

Although Plaintiff claims the alleged misconduct began as early as 2010 (*See* Doc. 1, p. 4), the Court cannot, at this stage of the litigation, conclude that Plaintiff's claims are barred by the applicable statute of limitations.  Read liberally, Plaintiff has alleged an ongoing injury that will continue as long as the defendants fail to provide the needed treatment.  As such, the Court

declines to dismiss Plaintiff's claims as time barred at the screening stage.  *See Devbrow v. Kalu*, 705 F.3d 765 (7th Cir. 2013).

## Substantive Analysis

The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'"  *See Perez v. Fenoglio*, 792 F.3d at 768, 776 (7th Cir. 2015) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  To state an Eighth Amendment claim in this context, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

A serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."  *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005).  Plaintiff's umbilical hernia satisfies the objective component of this claim at screening.  *See King v. Kramer*, 680 F.3d 1013 (7th Cir. 2012) (hernia is considered a serious medical condition); *Gonzalez v. Feinerman*, 663 F.3d 311 (7th Cir. 2011) (unincarcerated hernia may be considered serious medical condition).

Deliberate indifference occurs when a defendant realizes that a substantial risk of harm to a prisoner exists, but disregards the known risk.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the context of an untreated and painful hernia, the Seventh Circuit has specifically noted that a "[d]elay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference."  *Gonzalez*, 663 F.3d at 315.  In addition, the "deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation."  *Brown v. Darnold*, 505 F. App'x. 584 (7th Cir. 2013) (citing *Gil v. Reed*, 381 F.3d 649, 661-62 (7th Cir. 2004)).

4

The allegations in the Complaint suggest that Shah, Butalid, and Lochard may have responded to Plaintiff's hernia and related pain with deliberate indifference when they failed to adequately treat his pain and/or failed to provide surgical treatment.  Count 1 will therefore be allowed to proceed against these defendants.

Count 1 shall be dismissed as to Dr. Talbot, however.  Plaintiff lists Dr. Talbot among the defendants but makes no allegations against him or her in the body of the Complaint.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Dr. Talbot will be dismissed from this action without prejudice.

The Court notes that Plaintiff appears to be seeking injunctive relief with regard to Count 1.  The warden is the appropriate party for injunctive relief in a case alleging deliberate indifference to serious medical needs.  *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  Accordingly, the Clerk will be directed to add the Warden of Lincoln Correctional Center, in his or her official capacity, for purposes of carrying out any injunctive relief that is ordered.  *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[1]

---

[1] Federal Rule of Civil Procedure 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

5

## Pending Motions

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate order of this Court.  However, for purposes of determining how service of process shall proceed, the Court observes that Plaintiff appears to qualify for pauper status.  Accordingly, service of summons and the Complaint will be made at government expense.  *See* 28 U.S.C. § 1915(d).

Plaintiff's Motion to Appoint Counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

## Motion for Preliminary Injunction

Based on the allegations in the Complaint and Plaintiff's requested relief, the Clerk shall be directed to add a Motion for Preliminary Injunction as a separate docket entry in CM/ECF. This motion shall be **REFERRED** to a United States Magistrate Judge for prompt disposition.

## Disposition

The **Clerk** is **DIRECTED** to **ADD** a **Motion** for **Preliminary Injunction** as a separate docket entry in CM/ECF.  This motion is hereby **REFERRED** to a United States Magistrate Judge for prompt disposition.

The **Clerk** is **DIRECTED** to **TERMINATE DR. TALBOT** as a party in CM/ECF.

The **Clerk** is **DIRECTED** to add the **WARDEN OF LINCOLN CORRECTIONAL CENTER**, in his or her official capacity, for purposes of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **SHAH, BUTALID**, and **LOCHARD**.  **COUNT 1** is **DISMISSED** without prejudice as to **TALBOT**.

With respect to **COUNT 1**, the Clerk of the Court shall prepare for Defendants **SHAH**,

**BUTALID**, and **LOCHARD**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings.   Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed in forma pauperis may have been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: March 15, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**

8