# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LONNIE HUTCHERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DR. TALBOT, et al., ) <br> ) <br> Defendants. ) | Case No. 3:17 CV 253 SMY/RJD |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Recruitment of Counsel and Motions to Subpoena Witnesses. (Docs. 3, 24, 35.) On March 3, 2017, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging constitutional violations. (Doc. 1.) On March 15, 2017, the Court screened the complaint pursuant to 28 U.S.C. § 1915A, and Plaintiff now proceeds against Defendants Shah, Lochard, and Butalid on an Eighth Amendment claim of deliberate indifference toward Plaintiff's serious medical needs in relation to an umbilical hernia and pain. (Doc. 5.)

### Motions to Subpoena Witnesses

Plaintiff moved for injunctive relief for medical treatment in relation to his umbilical hernia. (Doc. 6.) The Court set a hearing on the motion, and Plaintiff moved to subpoena witnesses. On July 6, 2017, the Court heard the testimony of Plaintiff and Defendant Shah. (Doc. 33.) Plaintiff moved to subpoena witnesses in support of his motion for preliminary injunction. (Doc. 24.) The Court requested additional information on the proposed witnesses and instructed that, if the Court determined that the proposed witnesses were appropriate, the

Court would set another evidentiary hearing to hear the proposed witnesses' testimony. (Doc. 34.) On July 21, 2017, Plaintiff submitted additional information regarding his proposed witnesses. (Doc. 35.)

Plaintiff has identified four proposed witnesses: Counselor M. Neese, Pamela Hutcherson, Phil Martin, and Lisa Prather. Generally, parties may subpoena persons to attend and testify in court. Fed. R. Civ. P. 45. For pro se litigants, the Court provides subpoena forms upon request and requires the pro se litigants to submit them for Court approval. *Alexander v. Richter*, 2017 WL 1093289, at *1 (W.D. Wis. 2017). If the Court approves of the subpoena, the Court will serve the subpoena on behalf of the pro se litigant. *Jackson v. Brinker*, 1992 WL 404537, at *2 (S.D. Ind. 1992). A pro se litigant seeking to subpoena a person for the purpose of providing testimony also raises the issue of witness fees and expenses. *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005). The Court may order the United States Marshal Service to cover the witness fees and expenses. *Coleman v. St. Vincent De Paul Soc.*, 144 F.R.D. 92, 95-96 (E.D. Wis. 1992). However, the Court will do so only after a showing of materiality and necessity of each witness. *Id.* Stated otherwise, a pro se litigant must explain how each witness is related to the case, what testimony the witness will provide, and why such testimony is necessary for purposes of the motion for injunctive relief.

Plaintiff has summarized the content of the proposed witnesses' testimony and generally explains that they are necessary to show that Defendants knew Plaintiff was in excruciating pain or were otherwise aware of his medical condition.[1] However, Defendants do not contest knowledge of Plaintiff's medical condition but instead challenge the characterization of the

---

[1] Plaintiff references the defendant warden's answer in which he states, "Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph." (Doc. 18.) Considering that the defendant warden was added as a party in his official capacity for the purpose of carrying out orders for injunctive relief, the defendant warden's personal knowledge of Plaintiff's medical condition is not relevant. (Doc. 5 at 7.)

medical treatment provided to Plaintiff as deliberate indifference. (Doc. 32 at 2.) Additionally, the proposed witnesses' testimony substantially overlaps with the record presently before the Court, including the complaint, medical records, and the testimony of Plaintiff and Dr. Shah. Further, Plaintiff does not represent that the proposed witnesses personally treated him, nor does he represent that they possess the requisite medical expertise and familiarity with his medical condition to offer an opinion on Plaintiff's medical condition. In sum, the Court concludes that the proposed witnesses are neither necessary nor material to resolving Plaintiff's motion for injunctive relief. Accordingly, Plaintiff's Motion for Subpoenas is denied. Because there is no need for an additional evidentiary hearing, the Motion for Injunctive Relief is now ripe for the Court's review and will be decided on the record as it currently stands.

## Motion for Recruitment of Counsel

Plaintiff also moves for recruitment of counsel. When presented with a motion for recruitment of counsel, the Court must make the following inquiries: (1) has the movant reasonably attempted to obtain counsel or effectively been precluded from doing so; and (2) given the difficulty of the case, does the movant appear competent to litigate it without assistance of counsel? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). It appears that Plaintiff is capable of litigating this case at this time. Defendants have asserted the affirmative defense of failure to exhaust administrative remedies, meaning that Defendants are simply arguing that Plaintiff did not properly complete the prison grievance process before filing suit. Plaintiff's Motion for Injunctive Relief is also pending, but the Court has observed Plaintiff's competence in pursuing this motion. Moreover, Plaintiff has not shown a reasonable attempt to obtain counsel. Plaintiff should seek representation from at least three attorneys or law firms. Plaintiff may file another motion for recruitment of counsel following resolution of the exhaustion issue,

but Plaintiff must identify the attorneys or law firms he contacted and attach rejection letters, if possible.

## **CONCLUSION**

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motions to Subpoena (Docs. 24, 35) are DENIED. Plaintiff's Motion for Injunctive Relief (Doc. 6) will be decided on the record as it currently stands.

It is further ORDERED that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is DENIED. Plaintiff may file another motion for recruitment of counsel following resolution of the exhaustion issue, but Plaintiff must identify the attorneys or law firms he contacted and attach rejection letters, if possible.

**SO ORDERED.**

**DATED: August 1, 2017.**              *s/     Reona J. Daly*
                                         **UNITED STATES MAGISTRATE JUDGE**