# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

LONNIE HUTCHERSON,

    Plaintiff,

v.

TALBOT, *et. al,*

    Defendants.

Case No. 3:17-cv-00253-JPG-RJD

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the Report and Recommendation ("Report") of Magistrate Judge Reona J Daly. (Doc. 51.) The Report recommends that the Court deny plaintiff Lonnie Hutcherson's motion for a preliminary injunction. (Doc. 6.) Hutcherson has objected to the Report. (Doc. 56).

## I. LEGAL STANDARDS

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. THE REPORT

The Report explained that "in order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the

irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). First, Magistrate Judge Daly found that Hutcherson has not demonstrated he will suffer irreparable harm absent an injunction because, according to medical professionals, Hutcherson's pain stems from gastroesophageal reflux disease rather than the hernia that Hutcherson seeks surgery for. Second, Magistrate Judge Daly held that Hutcherson has not demonstrated a likelihood of success on the merits because—contrary to Hutcherson's claims that the defendants were deliberately indifferent towards his ailment—the record shows that Hutcherson received "significant medical attention" following his complaints.

### III. OBJECTIONS

In Hutcherson's objection to the Report (Doc. 56), he challenges the credibility of the defendant physicians and claims he should be sent to an outside hospital, where the doctors would have "a much better understanding as to what was physically wrong with his stomach". Hutcherson also claims that people not trained as physicians—other inmates—could see that Hutcherson was in pain, and therefore the defendants' assessment as to whether Hutcherson needs hernia surgery must be incorrect. Besides this issue of credibility, Hutcherson has not objected to any specific findings in Magistrate Judge Daly's Report.

### IV. ANALYSIS

The Court has carefully reviewed the documents in the file related to the credibility of the defendants *de novo* and has determined that, for the reasons stated in the Report, the Report's conclusion is correct. Hutcherson has pointed to no defect in the defendants' credibility as medical professionals other than a general claim that their diagnosis of him is incorrect—with no

medical evidence to support that claim. Additionally, the Court has reviewed the unobjected portions of Magistrate Judge Daly's report and finds no clear error.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report in its entirety (Doc. 51) and **DENIES** Hutcherson's motion for a preliminary injunction. (Doc. 6.)

**IT IS SO ORDERED.**
**DATED: OCTOBER 11, 2017**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
