IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LONNIE HUTCHERSON,

Plaintiff,

v.

DR. TALBOT et al.,

Defendants.                                          No. 17-cv-253-DRH-RJD

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction & Background

This matter comes before the Court on plaintiff's motion to reconsider the Order adopting the Report and Recommendation of Magistrate Judge Reona J. Daly (Doc. 66).[1] The Order at issues denied plaintiff Hutcherson's motion for preliminary injunction (Doc. 6). Plaintiff now asks the Court to reconsider its Order arguing that prison doctors are simply putting "a Band-Aid on a bullet wound." (Doc. 66).

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. See, e.g., *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994);

---

[1] Plaintiff's motion also makes reference to a request for appointment of counsel. In light of the pending November 14, 2017 motion for appointment of counsel before Magistrate Judge Daly (Doc. 69), the Court declines to address the appointment of counsel issue at this time.

*United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Whether a motion for reconsideration should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Because Hutcherson's motion asserts a manifest error of fact by the Court in denying a preliminary injunction, and because it was filed within 28 days of the entry of judgment, the Court reviews Hutcherson's motion under Rule 59(e). See *id*.

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. A "manifest error" is not demonstrated by the disappointment of the losing party, but rather is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012) (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id*.

Upon a thorough and complete review of the record, the Court remains persuaded that the Order adopting the Report and Recommendation of Magistrate Judge Daly and denying Hutcherson's request for a preliminary injunction (Doc. 61) in this matter was correct. The record supports the denial of injunctive relief, and the motion to reconsider does not present any new evidence justifying such

relief, nor does it present any manifest errors of fact or law. Therefore, the Court

**DENIES** Hutcherson's motion to reconsider (Doc. 66).

**IT IS SO ORDERED.**

Judge Herndon
2017.12.26
16:16:48 -06'00'

**United States District Judge**